IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHAN ALEXANDER<br>DOUGLAS-WILCOX,<br><br>Defendant. | DOCKET NO. 0979 1:09CR30044-001-PA<br><br>ORDER REVOKING<br>SUPERVISED RELEASE TERM,<br>IMPOSING SENTENCE, AND<br>REIMPOSING SUPERVISED RELEASE<br>TERM |

On February 20, 2013, this Court sentenced defendant to the custody of the Bureau of Prisons for a period of time served to be followed by a 3-year reimposed term of supervised release subject to standard and special conditions. The reimposed term of supervised release began February 20, 2013.

On July 9, 2013, this Court issued a Warrant of Arrest and Order to Show Cause why defendant's term of supervised release should not be revoked based on the probation officer's allegations that defendant violated the conditions of release.

On August 19, 2013, defendant appeared with counsel at a hearing to determine whether defendant's supervised release should not be revoked. The Court found the defendant had

*ORDER—DOUGLAS-WILCOX, JONATHAN ALEXANDER*　　　　　　　　　　*Page 1*
kw/41263

violated the conditions of supervised release by failing to notify the probation officer of any change in residence and associating with a known felon.

It is the finding of the Court that defendant violated the conditions of supervised release.

It now appearing to the Court defendant is no longer suitable for continued community supervision,

**IT IS ORDERED** defendant's term of supervised release is revoked and defendant is committed to the custody of the Bureau of Prisons for a period of 12 months and 1 day.

**IT IS FURTHER ORDERED** that upon release from imprisonment, defendant is subject to reimposition of supervised release, pursuant to 18 USC § 3583(e), and is ordered to a term of supervised release for 22 months, subject to the standard conditions and the following special condition(s): 1) The defendant shall reside in and satisfactorily participate in a residential reentry center, to include a prerelease component, if determined appropriate by the residential reentry center manager and the U.S. Probation Officer, for up to 180 days or until discharged by the residential reentry center manager and the U.S. Probation Officer. 2) The defendant shall cooperate in the collection of DNA as directed by the probation officer if required by law. 3) The defendant shall participate in a sex offender assessment and treatment program, as directed by the probation officer. The defendant shall abide by all rules and requirements of such program. This assessment and treatment program may include the use of the polygraph to assist in case planning and case monitoring. 4) The defendant is prohibited from residing within 100 yards of schools and playgrounds and other places where minor children congregate, unless approved by the probation officer. 5) The defendant shall register, if required by law, with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student and shall provide written notification of compliance with this condition as directed by

the probation officer. 6) The defendant shall have no contact with minors (in person, by telephone, through correspondence, or a third party) unless approved by the probation officer and the Court. 7) The defendant shall reside at a residence approved by the probation officer, and shall notify the probation officer at least 30 days prior to any change in residence. 8) The defendant shall not possess or consume alcohol or enter an establishment where alcohol is the primary item for sale.

**DATED** this 20 day of August, 2013.

*(signature)*
The Honorable Owen M. Panner
Senior U.S. District Judge